IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHELLE MORGAN<br>    Plaintiff,<br><br>v.<br><br>EMBRAER AIRCRAFT MAINTENANCE<br>SERVICES, INC.<br>    Defendant. | Civil Action No. _____<br>(Jury Demand) |

## COMPLAINT

### I.
### INTRODUCTION

(1) Comes the above named Plaintiff, Michelle Morgan, who seeks damages and injunctive relief from the Defendant, Embraer Aircraft Maintenance Services, Inc. ("Embraer") Defendant discriminated against the Plaintiff in the terms and conditions of her employment by allowing their managing agents to base employment decisions on race and retaliation in violation of T. C. A. 4-21-101, et seq. Tennessee Human Rights Act ("THRA" hereinafter).

### II.
### JURISDICTION AND VENUE

(2) This court has original jurisdiction over this cause pursuant to 28 U. S. C. § 1332. None of the Defendants are citizens of the State of Tennessee. The amount in controversy is in excess of seventy five thousand ($75,000.00) exclusive of interest and costs as required by 28 U. S. C. §1332 (a). All of the events alleged herein occurred in the Middle District of Tennessee and therefore, venue is properly with this Court.

## III.
## PARTIES

(3) Plaintiff, Michelle Morgan, is an adult, African American resident of Davidson County, Tennessee, and a citizen of the United States, who resides at 4125 October Woods Drive, Antioch, Tennessee 37013.

(4) Defendants, Embraer Aircraft Maintenance Services, Inc. is a foreign corporation licensed to do business in the state of Tennessee, with its principal address as 276 S.W. 34th St. Fort Lauderdale, Florida 33315. The Defendant is an "employer" for purposes of the relevant statutes.

## IV.
## STATEMENT OF THE FACTS

(5) Plaintiff began her employment with Embraer on April 28, 2008, as a Resources Recruiter and was promoted to Human Resources Business Partner.

(6) On or August 22, 2011, Plaintiff received a negative performance evaluation. The Caucasian similarly situated employees received a positive rating on their evaluation receiving a significantly higher salary increase than the Plaintiff.

(7) The Plaintiff was assigned more daily duties with no additional assistance while her Caucasian counterpart was assigned fewer duties and provided additional assistance.

(8) On or about May 15, 2012, Plaintiff received a written disciplinary action for allegedly failing to follow policy. Other similarly situated employees failed to follow the same policy and did not receive written disciplinary action.

(9) On or about May 20, 2012, Plaintiff submitted a written rebuttal regarding the written disciplinary action Plaintiff received on May 15, 2012, and to address the issue of false documentation presented by the Defendant.

(10) On June 5, 2012, Plaintiff filed a charge of discrimination with the EEOC against the above Defendant.

(11) On June 20, 2012, Human Resources requested to meet with Plaintiff to discuss the results of the rebuttal which Plaintiff submitted. Rather than discuss the rebuttal, Plaintiff was informed that her employment was terminated effective June 20, 2012, and presented with an Agreement and General Release to sign.

(12) Plaintiff believes that she was discriminated against because of her race (African American) in violation of T. C. A. §4-21-101 et seq. the Tennessee Human Rights Act in retaliation for my participation in protected activates.

## V.
## CAUSES OF ACTION

(13) The Plaintiff incorporates by reference paragraphs one (1) through thirteen (1-13) as if stated verbatim herein and would further aver that the actions of the Defendant violated the provisions of T. C. A. § 4-21-401, et seq. which prohibits discrimination in employment based upon race and for retaliation.

(14) The Defendant, through its managing agents, terminated Plaintiff's employment because of her race and in retaliation for her participation in protected activities. Thus, the Defendant is liable to the Plaintiff for compensatory damages and make whole relief.

## VI.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(1) That the Court place this case on the docket and impanel a jury of six (6) to hear this cause.

(2) That the Plaintiff be awarded a judgment against the Defendant for discrimination

on the basis of race and retaliation or the combination of race and retaliation.

(3) Plaintiff further prays pursuant to T. C. A. § 4-21-101, et seq. that she be awarded actual damages for the loss of her employment including back wages, overtime or bonuses where applicable. Plaintiff also seeks compensatory damages for emotional distress, humiliation and embarrassment brought about by the actions of the Defendant in the amount of seven hundred and fifty thousand dollars ($750,000.00). If the Court determines that reinstatement is not practicable in this case that the Plaintiff be awarded front pay. If the Court determines that reinstatement is practicable that the Plaintiff be reinstated with all benefits and entitlements thereto under the dictates of T. C. A. § 4-21-101. et seq. Further, that the Plaintiff be awarded a permanent injunction enjoining the Defendant, and its agents, from any acts of retaliation or discrimination against the Plaintiff.

(4) Award the Plaintiff an amount equal to the reasonable attorney's fees and cost incurred by the Plaintiff in the prosecution of this action; and

(5) That Plaintiff be awarded such other and further relief as the Court may deem just and proper.

Respectfully Submitted,

_____
JEFFERY S. FRENSLEY, ESQ. #17358
211 Third Avenue North
P. O. Box 198288
Nashville, Tennessee 37219-8288
615-256-2111
Attorneys for the Plaintiff

4

Case 3:13-cv-00604   Document 1   Filed 06/19/13   Page 4 of 4 PageID #: 4